# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRENDA SEARCY,**

    **Plaintiff,**

                                            Case No. 2:19-cv-3124
                                            Judge Sarah D. Morrison
    v.                                     Chief Magistrate Judge Elizabeth P. Deavers

**GUUAS, LLC d/b/a**
**HUDSON ROCKMORE,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Show Cause Order (ECF No. 5), Plaintiff's Motion for a Finding that Defendant GUUAS LLC Was Properly Served, or, in the Alternative, Motion for an Extension of Time to Serve Defendant GUUAS LLC (ECF No. 6), and Plaintiff's Motion for Expedited Discovery (ECF No. 7). For the reasons that follow, Plaintiff's Motion for a Finding that Defendant GUUAS LLC Was Properly Served, or, in the Alternative, Motion for an Extension of Time to Serve Defendant GUUAS LLC (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion for Expedited Discovery (ECF No. 7) is **GRANTED**.

## I.

Plaintiff filed this action on July 18, 2019, naming Defendant GUUAS, LLC d/b/a Hudson Rockmore ("GUUAS") and Preston Bradley as Defendants. (ECF No. 1.) When it did not appear that service of process had been completed as required by Federal Rule of Civil

Procedure 4(m),[1] the Court ordered Plaintiff to show cause why the action should not be dismissed and why an extension of time to effect service should be allowed. (ECF No. 5 (advising that the good cause showing be supported by sworn affidavits).) In response to the Show Cause Order, Plaintiff filed a motion, seeking to dismiss Bradley and seeking a finding that GUUAS was served or, if not served, seeking additional time to serve GUUAS under Rule 4(m). (ECF No. 6.) Plaintiff later filed a separate motion asking for expedited discovery relating to GUUAS. (ECF No. 7.) The Court addresses these matters in turn.

## II.

In response to the Show Cause Order, Plaintiff first asks the Court to dismiss without prejudice Bradley pursuant to Rule 4(m). (ECF No. 6 at 1, 8.) Plaintiff's request is well taken. *See* Fed. R. Civ. P. 4(m) (addressing, *inter alia*, dismissing the action "without prejudice" if service is not timely effected). Accordingly, to the extent that Plaintiff's Motion (ECF No. 6) seeks to dismiss Defendant Preston Bradley, it is **RECOMMENDED** that the Motion be **GRANTED** and that Defendant Preston Bradley be **DISMISSED WITHOUT PREJUDICE**.

## III.

Plaintiff next seeks a finding that GUUAS was properly served with process. (*See generally id.*) The United States Constitution bars federal courts from asserting jurisdiction over a defendant without due process of law. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("[T]here can be no doubt that at a minimum they [the words of the Due

---

[1] Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

Process Clause] require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Accordingly, actual notice of the filing of a lawsuit is not a substitute for proper service of process. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

Federal Rule of Civil Procedure 4(c) requires that a defendant be served with both a summons and a copy of the complaint. Rule 4(d) permits a defendant to waive service or process and Rule 4(e)(1) authorizes service of process in accordance with applicable law. Ohio law authorizes service of process by certified mail by the clerk of court upon a limited liability company "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1)[.]" Ohio Civ. R. 4.2(G).

After reviewing the present record, the Court concludes that Plaintiff has not established a presumption or prima facie case of service of process by certified mail on GUUAS. First, the record reflects that Plaintiff did not address the envelope to GUUAS when she submitted the envelope to the Clerk for service by certified mail (ECF No. 3 (certificate of service reflecting that the service package was addressed to only Preston Bradley)). *See* Fed. R. Civ. P. 4(c); S.D.

3

Ohio Civ. R. 4.2(a) ("The attorney of record or the serving party *shall address the envelope to the person to be served* and shall place a copy of the summons and complaint or other document to be served in the envelope." (emphasis added)).  It is not clear from the evidence before the Court that Bradley is an "agent authorized by appointment or by law to receive service of process" on behalf of GUUAS.  *See* Ohio Civ. R. 4.2(G); *see generally* ECF No. 6; Exhibits 3, 4, 6, ECF No. 6-1.

However, even if Bradley was an authorized agent, Plaintiff has not established that she effected service of process on GUUAS.  Here, Plaintiff concedes that she provided only a single copy of the Complaint when attempting to serve both Bradley and GUUAS in the same envelope at the same address.  (ECF No. 6 at 3 (citing Exhibit 9, ECF No. 6-1 (copies of documents sent for service, including only one copy of the Complaint).)  Rule 4(c)(1) expressly requires that "[a] summons must be served with a copy of the complaint."  *See also* S.D. Ohio Civ. R. 4.2(a) ("The attorney of record or the serving party shall address the envelope to the person to be served and *shall place a copy of the summons and complaint* or other document to be served in the envelope." (emphasis added)).  Plaintiff has therefore failed to meet her burden in establishing effective service of process on GUUAS.  *Id.*; *Sawyer*, 18 F. App'x at 287.

## IV.

Having concluded that Plaintiff did not properly serve GUUAS, the Court next considers whether to grant an extension under Rule 4(m) and whether Plaintiff is entitled to the expedited discovery she seeks.

**A.      Extension of Time Under Rule 4(m)**

Plaintiff asks the Court for an additional ninety (90) days to serve GUUAS, arguing that she has shown the requisite good cause.  (ECF No. 6 at 8–9.)  Plaintiff provides evidence of her

4

attempts to locate the registered agent and mailing address for GUUAS. (Declaration of Jonathan Hilton, ECF No. 6-1 ("Hilton Declaration"), ¶ 2; Exhibits 2, 3, 4, 5, 6, 7, attached thereto.) Plaintiff attempted to serve GUUAS at an address in Wyoming her counsel found in the registration information for GUUAS. (ECF No. 2; Exhibit 5.) Plaintiff also hired a process server and unsuccessfully attempted to personally serve GUUAS. (Hilton Declaration, ¶ 2; Exhibit 8.) In addition, after "Hudson Rossmore" texted Plaintiff, Plaintiff's counsel communicated with a representative from Hudson Rossmore and learned that GUUAS was purportedly a "payment processor" for Hudson Rossmore. (Hilton Declaration, ¶¶ 5–8.) Plaintiff therefore argues, *inter alia*, that she has shown good cause for the requested extension as locating GUUAS has been difficult, GUUAS would not suffer prejudice if an extension were granted while dismissal under Rule 4(m) would prejudice Plaintiff, and Plaintiff has made good-faith efforts to locate and serve GUUAS. (ECF No. 8–9.)

Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure [to timely effect service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If the plaintiff has not shown good cause, the Court must dismiss the action without prejudice or direct that service be effected within a specified time. *Id*.

Here, the Court concludes that Plaintiff has shown good cause exists for the requested extension for the reasons described by Plaintiff, including that she has been diligent in attempting to locate and serve GUUAS. Accordingly, Plaintiffs' request for an extension of time to effect service is **GRANTED**. (ECF No. 6.) Plaintiffs must effect service over GUUAS **WITHIN NINETY (90) DAYS** of the date of this Order and Report and Recommendation.

B.   **Expedited Discovery**

Plaintiff also seeks expedited discovery to assist in locating GUUAS in order to effect

service of process. (ECF No. 7.) Specifically, Plaintiff seeks leave to issue a subpoena directed to Incparadise Inc. ("Incparadise"), which Plaintiff believes to be the registered agent for GUUAS. (*Id*. at 1–2; Exhibit 1 (copy of email thread), ECF No. 7-1.) Plaintiff therefore seeks leave to serve a subpoena on Incparadise for information to determine if Incparadise is the registered agent for GUUAS, including the contract between GUUAS and Incparadise and, if GUUAS was required to make payments to maintain the registered agent relationship, then "Plaintiff should also be permitted to discover information as to whether those payments were made." (ECF No. 7 at 3.)

Federal Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering a motion for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2; *see also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted).

Another court in this circuit previously discussed the following considerations when determining whether good cause exists:

> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

6

> responding party." *Arista Records, LLC v. Does 1–15*, 2:07–cv–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08–cv–200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10–cv–314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery [(citing *Lemkin*, 2009 WL 1542731, at *2)].

*Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* No. 1:14-cv-581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014) (acknowledging further that "there is little binding authority on the issue of expedited discovery in the Sixth Circuit, and district courts are split on the appropriate standard"); *see also N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) ("Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward."); *Barrette Outdoor Living, Inc v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) ("Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought."); *Malibu Media, LLC v. Doe*, No. 2:15-cv-488, 2015 WL 12732852, at *1 (S.D. Ohio Feb. 4, 2015) (finding good cause in the context of a copyright infringement case where the plaintiff showed that it could not meet its service obligation under Rule 4(m) without the requested discovery from a non-party internet service provider to discover a Doe defendant's identity).

In this case, as previously described, Plaintiff has taken diligent efforts to locate and serve GUUAS but has been unable to date to do so. Plaintiff therefore seeks an order permitting her to issue a document subpoena directed to Incparadise. Having considered the relevant standard and Plaintiff's arguments, the Court is persuaded that Plaintiff has established the necessary good cause to serve a document subpoena on Incparadise. Here, the Court agrees that without additional information from Incparadise, Plaintiff may not be able to serve GUUAS and move this case forward. Nothing in the present record suggests Incparadise or GUUAS would be prejudiced by permitting Plaintiff to issue a document subpoena but Plaintiff would suffer prejudice if the Court denied Plaintiff the opportunity to discover information in aid of service of process. The Court also notes that the proposed subpoena directed to Incparadise is sufficiently narrowly tailored to obtain information relating to the relationship between Incparadise and GUUAS so that Plaintiff may effect proper service of process on GUUAS. For all these reasons, Plaintiff has established the good cause necessary for the issuance of the proposed subpoenas directed to Incparadise prior to the Rule 26(f) conference.

V.

For all these reasons, Plaintiff's Motion for a Finding that Defendant GUUAS LLC Was Properly Served, or, in the Alternative, Motion for an Extension of Time to Serve Defendant GUUAS LLC (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**. To the extent that she seeks a finding that GUUAS was properly served, the Motion is **DENIED**, but **GRANTED** to the extent Plaintiff seeks an extension of time to serve Defendant GUUAS, LLC d/b/a Hudson Rockmore. Plaintiff may have **NINETY (90) DAYS** from the date of this Order and Report and Recommendation in which to effect service of process on GUUAS. In addition, it is **RECOMMENDED** that Plaintiff's Motion (ECF No. 6) be **GRANTED** to the extent

Plaintiff seeks dismissal of Defendant Preston Bradley and that Bradley be **DISMISSED WITHOUT PREJUDICE**.

Finally, Plaintiff's Motion for Expedited Discovery (ECF No. 7) is **GRANTED**. Plaintiff may issue a subpoena directed to Incparadise Inc. that is narrowly tailored to secure information sufficient to effect service of process on GUUAS, namely the contract between GUUAS and Incparadise Inc. and, if payments were provided under the contract, information confirming whether GUUAS made payments under the applicable contract.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: April 6, 2020 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE